UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH PRIEUR AND GLORIA PRIEUR,

                      Plaintiffs,

v.

HILTI, INC. n/k/a HILTI OKLAHOMA,
INC., HILTI CORP. and
JEFFREY CERVONI, Individually and as
Agent of Hilti, Inc.,

                      Defendants.

**REPORT AND
RECOMMENDATION**

04-CV-0481A(M)

---

       This case was referred to me by Hon. Richard J. Arcara to hear and report in accordance with 28 U.S.C. §636(b)(1) (Dkt. ##13, 36).  Before me is defendants' motion for summary judgment (Dkt. #45).  For the following reasons, I recommend that the defendants' motion be GRANTED.

## **BACKGROUND**

       Plaintiffs' complaint alleges causes of action for strict products liability (including product defect, defective design, and failure to warn), negligence, and breach of warranty (Dkt. #46, Ex. A).  Defendants removed the case to this Court on the basis of diversity jurisdiction.

       The relevant facts are as follows.  Plaintiff Keith Prieur purchased a new Hilti TE 14 rotary hammer drill on December 22, 2003 (Dkt. #46, Ex. V, attachment 1).  On May 8, 2001, plaintiff was allegedly injured while using the drill to place holes in his concrete driveway (Dkt. #46, Ex. A, ¶9).  According to plaintiff, "[w]hile drilling straight down . . . the tool's bit stuck or jammed in the concrete and the power of the drill violently torqued the plaintiff's upper body,

arms, hands and neck to the right" (Dkt. #46, Ex. G, ¶ 6).  Plaintiff testified that he had no prior

problems with the drill, and that he continued to use the drill to make two additional holes

following the alleged incident (Dkt. #46, Ex. E, pp. 38, 48).

Plaintiffs allege that the drill's slip clutch should have prevented the accident

(Dkt. #46, Ex. G, ¶7).

## DISCUSSION AND ANALYSIS

### A.   Summary Judgment Standard

The standard to be applied on a motion for summary judgment in this Circuit is

well settled.  " 'Summary judgment is appropriate only if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party seeking summary judgment has the burden to demonstrate that no genuine issue of

material fact exists.  In determining whether a genuine issue of material fact exists, a court must

examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-

movant[.]  Summary judgment is improper if there is any evidence in the record that could

reasonably support the jury's verdict for the non-moving party.' "  Ford v. Reynolds, 316 F. 3d

351, 354 (2d Cir. 2003) (quoting Marvel Characters v. Simon, 310 F. 3d 280, 285-86 (2d Cir.

2002)).

### B.   Defendants' Motion for Summary Judgment

In support of their motion for summary judgment defendants have submitted an

affidavit from Martin P. Schofield, a licensed Professional Engineer and Vice President of

Product Safety and Liability for Hilti (Dkt. #46, Ex. V).  Based upon his examination and testing

of the drill, Mr. Schofield found that its slip clutch provided an average of 28 Nm torque[1], which

is less than the maximum of 50 Nm as permitted by the North American UL Standard for drills

of this type (Id. at ¶¶12-14).  Consequently, he opined that the drill meets all relevant industry

standards, was not defectively manufactured or designed, and that the operating and safety

warnings accompanying the drill provided clear and sufficient warnings/instructions to users (Id.

at ¶17).   He further noted that plaintiffs' own expert reports from Richard A. Colberg, M.E., and

Dale Cagwin, P.E. (Dkt. #46, Ex. J) both concluded that the drill complied with the European

standard slip torque requirements (Dkt. 46, Ex. V at ¶¶15-16).[2]

       Plaintiffs have not produced any expert affidavit to rebut Mr. Schofield's opinion

that the drill was not defective.  Rather, in opposition to defendants' motion, plaintiff Keith

Prieur submitted a one-page affidavit in which he merely questions, "How does one prove an

unknown mechanical malfunction that happened that caused these injuries?"  (Dkt. #51).

       The fact that plaintiffs are proceeding *pro se* does not excuse their failure to

properly oppose this motion by submitting evidentiary facts showing the existence of a genuine

issue of material fact. See Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) ("[A] *pro se*

party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a

motion for summary judgment." (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir.1991)).

Absent any evidence from plaintiffs rebutting defendants' *prima facie* showing of entitlement to

summary judgment, defendants' motion should be granted.  See Brock v. Harley-Davidson, Inc.,

---

[1]     "Nm" is unit of measurement delineating Newton meters.

[2]     Mr. Schofield's report indicates that, while not applicable to drills in the United States,
the European standard provides the same torque-related criteria as the UL Standard (Dkt. #6, Ex. V,
attachment 4).

No. 03-CV-6358, 2006 WL 2669418, *3 (W.D.N.Y. September 15, 2006) (granting summary judgment dismissing claims of negligence, strict products liability and breach of warranty where the record was "devoid of any proof that the motorcycle on which plaintiff was injured was received in [a] defective condition"); Derienzo v. Trek Bicycle Corp., 376 F. Supp. 2d 537, 551 (S.D.N.Y. 2005) ("[I]f plaintiff cannot show that the failure of the [allegedly defective product] caused the accident (an assertion that requires the support of admissible expert testimony), the case is over, under any theory.").[3]

## CONCLUSION

For these reasons, I recommend that defendants' motion for summary judgment (Dkt. #45) be GRANTED.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

---

[3] Additionally, defendants move to dismiss plaintiffs' breach of warranty claims as being barred by the statute of limitations (Dkt. #47, Point III), and plaintiffs do not challenge this argument.

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:       August 1, 2007

JEREMIAH J. MCCARTHY
United States Magistrate Judge